IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JAMES SEITZ**, administrator of the estate of Lauren E. Seitz, deceased, | Case No. 2:17-cv-524 |
| Plaintiff, | Judge Graham |
| v. | Magistrate Judge Deavers |
| **U.S. NATIONAL WHITEWATER CENTER, INC.** and **RECREATION ENGINEERING AND PLANNING, INC.**, | |
| Defendants. | |

## **OPINION & ORDER**

This matter is before the Court on Defendants' motions to dismiss based on a lack of personal jurisdiction. (Docs. 5 & 6). Alternatively, Defendants move to transfer the action to the Western District of North Carolina. Plaintiff asks the Court to deny the motions, but alternatively, if the Court finds it lacks personal jurisdiction over Defendants, Plaintiff requests the Court transfer the action to the Western District of North Carolina. Defendants' motions to dismiss are **DENIED**, but Defendants' motions to transfer are **GRANTED**.

**I. Factual Background**

Lauren Seitz was only 18 years old when she died from an infection caused by *Naegleria fowleri*, a microbe that causes inflammation in the brain. (Compl. at ¶¶ 23, 27–28); *see Meningoencephalitis*, Merriam-Webster Unabridged, http://unabridged.merriam-webster.com/unabridged/meningoencephalitis (last visited January 26, 2018). James Seitz, the named Plaintiff, is the administrator of Lauren's estate, and he brought this action asserting a variety of claims, including a claim for wrongful death. Plaintiff sued two Defendants: (1) U.S. National Whitewater Center, Inc. ("the Whitewater Center"), a North Carolina non-profit corporation that has its principal place of business at 5000 Whitewater Center Parkway, Charlotte, North Carolina, (*Id.* at ¶ 8); and (2) Recreation Engineering and Planning, Inc. ("Recreation"), a Colorado for-profit corporation that has its principal place of business at 485 Arapahoe Avenue,

1

Boulder, Colorado. (*Id.* at ¶ 9). The Whitewater Center "offers whitewater rafting, canoeing, kayaking, and other outdoor recreational activities to the general public for a fee." (*Id.* at ¶ 20). Recreation "was responsible for designing, engineering, and/or planning the construction of the Whitewater Center." (*Id.* at ¶ 64). Lauren Seitz went whitewater rafting at the Whitewater Center, and Lauren was thrown overboard. (*Id.* at ¶ 22). Plaintiff alleges that this was how Lauren came into contact with water that contained *Naegleria fowleri*. (*Id.* at ¶¶ 21–23).

The Whitewater Center has no offices in Ohio, and it doesn't own any real or personal property in Ohio. (Wise Aff. at ¶ 7, Doc. 5-1). It has no employees in Ohio. (*Id.* at ¶ 8). It doesn't supply goods or services in Ohio. (*Id.* at ¶ 10). It has no contracts in Ohio. (*Id.* at ¶ 11). It has no sales agents in Ohio. (*Id.* at ¶ 13). It does not actively solicit business in Ohio. (*Id.* at ¶ 14). This includes on its website, which does not market specifically to Ohio or Ohio residents. (*Id.* at ¶ 12).

Recreation has no contacts with Ohio as alleged in the Complaint or stated in the affidavit of its owner and president, Gary Lacy, P.E. (*See* Lacy Aff., Doc. 7-1). Recreation contracted with a North Carolina architectural firm out of Charlotte to consult on the design of part of the Whitewater Center. (Lacy Aff. at ¶ 5). All communications between Recreation and the architectural firm took place between Colorado and North Carolina. (*Id.* at ¶¶ 5–8).

## II. Discussion

This Court only has power over certain people and entities, and the Court may exercise this power through two types of personal jurisdiction: general and specific jurisdiction. Courts may exercise general jurisdiction, that is, they may hear any claim against a corporation, in a place where "the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Specific jurisdiction is different. "In order for a state court to exercise specific jurisdiction, the *suit* must aris[e] out of or relat[e] to the defendant's contacts with the *forum*." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780, 198 L. Ed. 2d 395 (2017) (internal quotation marks omitted) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 754, 187 L. Ed. 2d 624 (2014) (internal quotation marks omitted; emphasis added)).

Plaintiff appears to concede that this Court doesn't have general jurisdiction over Defendants, but Plaintiff argues that the Court does have specific jurisdiction over Defendants. (*See*

Pl.'s Resp. to the Whitewater Center's Mot. Dismiss at 4, Doc. 11 (confining argument "to the doctrine of specific jurisdiction")).

> Where, as here, the district court relies solely on written submissions and affidavits to resolve a Rule 12(b)(2) motion, rather than resolving the motion after either an evidentiary hearing or limited discovery, the burden on the plaintiff is "relatively slight," and "the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal." In that instance, the pleadings and affidavits submitted must be viewed in a light most favorable to the plaintiff, and the district court should not weigh "the controverting assertions of the party seeking dismissal."

*Air Prod. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (internal quotations omitted).

Plaintiff and Defendants submitted affidavits in support of their jurisdictional arguments, and neither party has requested an evidentiary hearing or discovery on the issue of personal jurisdiction. Therefore, Plaintiff need only make a prima facie showing that personal jurisdiction exists in order to defeat Defendants' motions to dismiss.

To subject someone to this Court's jurisdiction, the Court must determine (1) whether the applicable state long-arm statute (here, Ohio's) permits the exercise of jurisdiction, and (2) whether exercising personal jurisdiction would violate constitutional due process. *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010).

Here, Ohio's long-arm statute does not confer jurisdiction over Defendants. The statute lists nine different things a defendant may do that would permit a court in Ohio to exercise jurisdiction over that defendant, but Plaintiff only identifies one that may apply in this situation: "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state . . . ." Ohio Rev. Code § 2307.382. "When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him." *Id.* at subsection (C).

Plaintiff argues that the Whitewater Center's and Recreation's "interactive" websites constitute transacting business in Ohio. The Court need not analyze whether this is true, because even assuming so for the sake of argument, Plaintiff hasn't shown that his claims arise from Defendants' contact with Ohio.

Ohio's "long-arm statute requires a 'proximate cause' relationship between a plaintiff's personal injury claim and the defendant's conduct in Ohio." *Brunner v. Hampson*, 441 F.3d 457,

466 (6th Cir. 2006) (analyzing *Goldstein v. Christiansen*, 70 Ohio St. 3d 232, 1994-Ohio-229, 638 N.E.2d 541 (1994)). Even if a defendant's activity in the state is a "but-for" cause of a plaintiff's injuries, that's not enough under Ohio's long-arm statute. *See Brunner* 441 F.3d at 465–66; *Goldstein*, 70 Ohio St. 3d at 238 n.1 (holding that Ohio's long-arm statute does not extend to the limits of the Due Process Clause). Merely soliciting business in a state isn't enough "to sustain personal jurisdiction." *Brunner*, 441 F.3d at 467. For a court to assert specific jurisdiction, the contact with the forum state must be proximately related to the plaintiff's injuries.

Here, Plaintiff hasn't made a prima facie showing that Defendants' contacts with Ohio caused the injuries identified in the Complaint. Defendants' only contact with Ohio was through their websites. Plaintiff argues that Defendants' websites are interactive, that is, they don't just list information; they permit a user to navigate through content, contact Defendants, interact with Defendants' social media platforms, and in the case of the Whitewater Center, reserve time slots for activities and purchase passes. (*See* Seitz Aff. Re: the Whitewater Center, Doc. 11 Ex. A at ¶¶ 16–20; Seitz Aff. re: Recreation, Doc. 10, Ex. A at ¶¶ 16–19). Plaintiff also asserts that he "has personally visited and viewed" both websites. (Seitz Aff. Re: the Whitewater Center at ¶ 15; Seitz Aff. Re: Recreation at ¶ 15). But Plaintiff does not allege that Lauren Seitz viewed either website, interacted with either website, was enticed to visit the Whitewater Center through either website, or that she reserved time slots or purchased tickets through the Whitewater Center's website.

Therefore, the website's intrusion into Ohio's cyberspace did not lead to Lauren Seitz's tragic death. In the language of Ohio's long-arm statute, Plaintiff's claims do not arise from Defendants transacting business in Ohio. Ohio Rev. Code § 2307.382(C). That being the case, this Court doesn't have specific personal jurisdiction over these Defendants. Since Ohio's long-arm statute doesn't authorize personal jurisdiction, the Court need not analyze whether exercising jurisdiction over these Defendants would be permissible under the Due Process Clause.

While it's true that causing a "sufficiently substantial" consequence in Ohio may be a requirement of the "transacting any business" standard, *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 F. App'x 425, 430 (6th Cir. 2006), and Lauren Seitz's death is a substantial consequence in Ohio, Plaintiff's argument on this point misses the mark. The Court's ruling in this case doesn't rest on an interpretation of the "transacting any business" standard but on the "aris-

ing from" clause. Even the *Burnshire* court noted that the "arising from" clause "requires that the defendant's actions in the state must be the proximate cause of the injury complained of." *Id.*

While the Court lacks personal jurisdiction over Defendants, rather than dismiss the case, the most prudent course of action is to transfer the case to an apparently proper forum, one to which neither party objects: the Western District of North Carolina.

**III. Conclusion**

Defendants' motions are **GRANTED IN PART AND DENIED IN PART**. (Docs. 5 & 6). The case is hereby transferred to the Western District of North Carolina.

IT IS SO ORDERED.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: January 26, 2018