IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case No. 3:18-CV-00044-MOC-DSC

JAMES SEITZ, ADMINISTRATOR OF
THE ESTATE OF LAUREN E. SEITZ,
DECEASED,

   Plaintiff,

v.

U.S. NATIONAL WHITEWATER
CENTER, INC., RECREATION
ENGINEERING AND PLANNING,
INC., and LIQUID DESIGN, P.C.

   Defendants.

**STIPULATION OF CONFIDENTIALITY
AND PROTECTIVE ORDER**

    1.    The "Litigation" shall mean the above-captioned case, Case No. 3:18-CV-00044-MOC-DSC or as the pleadings are amended.

    2.    "Discovery Materials" shall mean and include any document (whether in hard copy or electronic form), records, responses to discovery, whether documentary or oral, and other information provided, served, disclosed, filed, by or through a Party or any non-party person or entity through discovery in connection with this Litigation, whether before or after entry of this Order. All such documents are produced pursuant to legal obligations arising under the Federal Rules of Civil Procedure. Discovery Materials shall be used solely and exclusively for the purposes of prosecuting or defending this Litigation, and shall not be used by a Party for any other purposes. Notwithstanding any other provision herein, nothing shall prevent a Party from using Discovery Materials that were created by, or through no unlawful

means or activities were sent or received by, that Party prior to or outside the context of this Litigation.

3. The term "producing Party" shall mean any Party or non-party person or entity that provides, serves, files, or produces any nonpublic information in connection with this Litigation.

4. Discovery Materials produced or disclosed in connection with the Litigation by a producing Party may be designated as confidential by the producing Party, to the extent that such Discovery Materials include non-public and highly sensitive commercial, banking, tax, financial, personal, employee, medical or proprietary information, or information that is required to be kept confidential due to preexisting legal or contractual obligations. Confidential Discovery Material may be designated confidential by marking or stamping the page or pages containing such information as "CONFIDENTIAL" or by designating any thumb drive, CD, DVD, or other storage device for electronically formatted discovery on said device.

5. Discovery Materials designated as confidential shall be referred to herein as "Confidential Discovery Material." The Parties further agree that reference to any categories or types of Discovery Material above is not intended to and shall not be construed as an admission that the Discovery Material is, or is not, relevant; admissible; reasonably calculated to lead to the discovery of admissible evidence; or subject to an applicable privilege, protection or immunity.

6. Confidential Discovery Material shall be maintained in strict confidence by the Parties and others who receive such documents or information, and shall be

used solely and exclusively for the purposes of prosecuting or defending this Litigation, and shall not be used for any other purposes. Confidential Discovery Material shall not be disclosed to any person except:

    (a)    The Court and persons assisting the Court in the Litigation process (including, but not limited to, Court personnel, court reporters, stenographic reporters and videographers);

    (b)    Counsel of record for the Parties;

    (c)    A Party, or a former or present administrator, officer, employee, director, manager, member or shareholder of a Party deemed necessary by counsel of record for the prosecution or defense of this Litigation;

    (d)    Subject to the terms of Paragraph 7 below, experts or consultants and their staff, and litigation support personnel and their staff, retained by a Party and/or its counsel of record in this Litigation;

    (e)    Subject to the terms of Paragraph 7 below, witnesses other than in (c) and (d) of this Paragraph 6 deemed necessary by counsel of record for a Party for the prosecution or defense of this Litigation;

    (f)    Support vendors or contractors retained by counsel of record for functions directly related to this Litigation, such as copying, document management, and graphic design;

    (g)    Any other person as to whom all Parties may agree in writing; and

    (h)    As filings under seal in this Litigation.

7.    Before being provided access to Confidential Discovery Material outside of a deposition or trial proceeding, each person within Paragraph 6(d), (e), and (g) must first sign a Certification in the form set forth as <u>Exhibit A</u> hereto, acknowledging that he/she has been provided with a copy of this Order, has carefully and completely read, understood, and agrees to be bound by this Order. Counsel for the Party on whose behalf such a Certification is signed shall retain the original Certification, and except as to non-designated experts, shall serve a copy of the

Certification on all parties within five days of receiving the signed Certification. Notwithstanding any other provision herein, nothing shall prevent a Party from revealing Confidential Discovery Material to a person who created such information or who through no unlawful means or activities sent or received such information prior to or outside the context of this Litigation. Additionally, nothing herein prohibits a Party from showing any Confidential Discovery Materials to a witness in a deposition or court proceedings in this Litigation, regardless whether such witness has signed the Certification.

8. If a producing Party, through inadvertence, produces any Confidential Discovery Material without marking or designating it as such in accordance with the provisions of this Order, the producing Party may, within 10 days after discovery of the production of such Confidential Discovery Material, designate such Discovery Material as CONFIDENTIAL pursuant to Paragraph 4 of this Order, and such Discovery Material shall be treated as CONFIDENTIAL in accordance with the provisions of this Order. If a producing Party, through inadvertence, produces a document that it later claims is subject to the attorney-client privilege or the attorney work product doctrine, such document shall be returned to the producing Party within ten (10) days of any written request therefor, unless the receiving party challenges the privileged nature of the document(s), in which case the producing Party shall be entitled to make an application to the Court for the return of the document(s). While such application is pending, the receiving party shall not use or disclose the contents of such document(s) except to the Court under seal. The

inadvertent production of any document claimed to be privileged or subject to the work product doctrine shall not constitute a waiver of such privilege or protection.

9. A producing Party may designate as CONFIDENTIAL any portion of a deposition transcript that contains or discusses Confidential Discovery Material. The Producing Party shall advise the court reporter and counsel of record of the beginning and end of the testimony containing Confidential Discovery Material, either orally on the record at the deposition or in writing no later than ten (10) days of receipt of the transcript. Until the end of such ten (10) day period, the Parties shall treat every transcript of any deposition or Court proceeding as Confidential Discovery Material. The court reporter shall mark CONFIDENTIAL on the face of the transcript at the beginning and end of any portions thereof so designated. Copies of the transcript for counsel's use may contain the confidential testimony and other testimony in a single volume.

10. All Parties reserve the right to challenge the designation of documents, materials, or testimony as CONFIDENTIAL. Nothing contained in this Order shall preclude a Party from seeking further orders from this Court.

11. If at any time a Party objects to a designation of Discovery Material as CONFIDENTIAL under this Order, the objecting Party shall notify the producing Party in writing. The objecting Party shall identify the Discovery Materials in question and shall specify in reasonable detail the reason or reasons for the objection. If the Parties cannot resolve their disagreement, the objecting Party may apply for a ruling from the Court on the producing Party's designation. The Party seeking to

maintain a designation of any documents or materials shall have the burden of demonstrating that the material qualifies for its particular designation. While any such application is pending, the documents or material subject to that application will be treated as designated until the Court rules.

12. This Order shall not be construed to prevent any Party from making use of or disclosing information that was lawfully obtained by such Party independent of discovery in this Litigation, whether or not such material is also obtained through discovery in this Litigation, or from disclosing its own Confidential Discovery Material as it deems appropriate.

13. Any Party in possession of any Confidential Discovery Materials who receives a request, subpoena, order or other compulsory process for the production of such documents or information shall immediately notify the other Parties in writing of such request, and shall not produce the Confidential Discovery Materials, until the producing Party who originally designated the documents as Confidential Discovery Material has had reasonable time to take appropriate steps to protect the documents. It shall be the responsibility of such producing Party who originally designated the documents as Confidential Discovery Material to obtain relief from the subpoena or order prior to the due date of compliance, and the Party from whom such information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

14. Upon final conclusion of this Litigation, each party or other individual subject to the terms hereof shall be under an obligation to make reasonable efforts to

assemble and to return to the providing party all originals and unmarked copies of documents and things containing confidential material and to destroy, should such source so request, all copies of confidential material that contain and/or constitute attorney work product as well as excerpts, summaries, and digests revealing confidential material; provided, however, that counsel may retain complete copies of all transcripts, documents produced, and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Protective Order. To the extent a party requests the return of confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

15. This Order (including, but not limited to, its provisions pertaining to preservation and non-waiver of any privilege, protection or immunity) shall govern the continuing effect hereof on all persons and entities, whether or not they are parties to this action and all persons who receive Confidential Discovery Materials under the terms of this Order. This Order shall be incorporated into the terms of any settlement, judgment, or other final disposition of the Litigation and shall survive such settlement, judgment or other final disposition of this action and all appeals therefrom. This Court shall retain continuing jurisdiction in order to enforce the terms of this Order.

**SO ORDERED.**   Signed: May 24, 2018

_____
David S. Cayer
United States Magistrate Judge

**THE ABOVE STIPULATION AND ORDER OF CONFIDENTIALITY IS HEREBY AGREED AND CONSENTED TO BY:**

/s/ John T. Daniel (with permission)
John T. Daniel
Edward G. Connette
Essex Richards, PA
1701 South Boulevard
Charlotte, NC 28203

Jose Manuel Lopez, *Admitted Pro Hac*
Jonathan Scott Zweizig, *Admitted Pro Hac*
Lopez Severt & Pratt LPA – 3
18 E. Water Street
Troy, OH 45373

*Attorneys for Plaintiff*

/s/ Morgan H. Rogers
Chip Holmes, N.C. State Bar No. 19980
John H. Beyer, N.C. State Bar No. 24115
Morgan H. Rogers, N.C. State Bar No. 37025
Parker Poe Adams & Bernstein LLP
401 S. Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
chipholmes@parkerpoe.com
johnbeyer@parkerpoe.com
morganrogers@parkerpoe.com

*Attorneys for Defendant U.S. National Whitewater Center, Inc.*

/s/ Mark Kutny (with permission)
Mark Kutny
Hamilton Stephens Steele & Martin, PLLC
525 N. Tryon Street, Suite 1400
Charlotte, NC 28202

*Attorney for Liquid Design, P.C.*

/s/ Joseph L. Nelson (with permission)
Joseph Lawrence Nelson
Dickie, McCamey & Chicote, P.C.
2115 Rexford Road, Suite 210
Charlotte, NC 28211

Mary Barley-McBride, *Admitted Pro Hac*
Dickie, McCamey & Chicote, P.C.
250 Civic Center Drive, Suite 280
Columbus, OH 43215

*Attorneys for Defendant Recreation Engineering and Planning, Inc.*

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case No. 3:18-CV-00044-MOC-DSC

| | |
|---|---|
| JAMES SEITZ, ADMINISTRATOR OF THE ESTATE OF LAUREN E. SEITZ, DECEASED,<br>    Plaintiff,<br>v.<br>U.S. NATIONAL WHITEWATER CENTER, INC., RECREATION ENGINEERING AND PLANNING, INC., and LIQUID DESIGN, P.C.<br>    Defendants. | **CONSENT PROTECTIVE ORDER CERTIFICATION** |

I have read the Stipulation that the Court approved and made an Order of the Court on _____, 2018 in *James Seitz v. U.S. National Whitewater Center, Inc., Recreation Engineering and Planning, Inc., and Liquid Design, P.C.* (the "Stipulation"). I understand the responsibilities and obligations the Stipulation imposes on me as a person to whom Confidential Material or Highly Confidential Material (as defined in the Stipulation) will be disclosed. Pursuant to Paragraph 7 of the Order, so as to permit disclosure to me of Confidential Material or Highly Confidential Material (as defined by the Stipulation), I hereby agree to comply with the Stipulation and to submit to the jurisdiction of the Court with respect to enforcement of the Stipulation.

    This _____ day of _____, 2018.

 

_____
SIGNATURE

_____
PRINT YOUR NAME